JOHN T. MEEK 'v. BLAINE BARTON, Appellant.

Continuing Negligence: PLEADINGS: INSTRUCTION. In an action for
  damages arising from the negligent use of a bicycle on the
  public highway, a petition alleging that defendant's approach
  was in a negligent manner whereby plaintiff's team became
  frightened and after partial control was gained it was again
  frightened by another negligent approach and ran away,
  charges a continuous negligent act; and an instruction that
  if defendant knew or could have known by ordinary care that
  he was frightening the team he should have desisted and if he
  failed to do so "but kept doing that which was frightening
  the team," recognized the continuing negligence and was
  correct.          ' .

*Appeal from Benton District Court.*—HON. OBED CASWELL,
                        Judge.

                WEDNESDAY, APRIL 13, 1904.

    SUIT to recover damages alleged to have been caused by
the defendant's negligent use of a bicycle on a public high-
way.    There was a trial to a jury, and a verdict and judg-
ment for the plaintiff.   The defendant appeals.—*Affirmed.*

    *J. D. & C. Nichols* for appellant.

    *Whipple & Brown* and *Chas. F. Stookey* for appellee.

    SHERWIN, J.—An employe of the plaintiff was driving
his team of four horses, hitched to a disc harrow, upon the
highway in one direction, while the defendant was coming
from the other direction upon a bicycle.   The petition al-
leges that the defendant's approach to the team was in a rapid
and negligent manner, and that, because thereof, the team
became frightened, "and wheeled about in said highway" in
an effort to escape; that, before any damages had been done,
the driver regained partial control of the team, and would
have been able to fully control it, had it not been for the fact

that the defendant again negligently approached said team with his wheel, thereby again so frightening it that it escaped from its driver and ran away. It may be conceded, for the purposes of this opinion, that if the two acts of negligence charged in the petition had been charged in separate and distinct paragraphs thereof, as separate counts upon which the plaintiff relied, the count charging the first approach to the team would have been demurrable, because of the allegation that no damage resulted from such negligent act alone. But the petition was not so drawn. It was a recital in narrative form of the facts as the evidence upon the trial developed them, and, taken as a whole, and as a single count upon which recovery was sought, it cannot be said that it only charged actionable negligence in the second approach. If the first approach was negligent and the cause of the original fright, and if before the driver had fully regained control of the team, a second negligent approach was made which continued the fright so that the team became absolutely beyond control, the defendant's negligence was continuing, and it cannot be held that the first approach had nothing to do with the final escape of the team and the resulting damages. The evidence shows that the team was not stopped after the initial start until after the damage had been done. When the driver was thrown under the disc the horses slacked up some, it is true, but it was for a minute only; and, when one of them saw the defendant again approaching they renewed their efforts to get away from him, and succeeded.

It its statement of the issues to the jury, the district court construed the petition as we have here construed it, and instructed the jury, in effect, that the defendant's liability depended wholly upon the fact of his negligence in the use of the highway; that if he saw or knew, or by the exercise of ordinary care could or should have known, that his wheel, or his manner of riding it, was frightening plaintiff's team, and "was or would cause them to become frightened and unmanageable and run away if continued," it became his duty to desist, and, if he did not do so, "but kept doing that which

was' frightening said team and causing them to become unmanageable and run away," he was negligent. The instructions are complained of because of the allegations of the petition to which we have already referred. While in stating the issues the court did not specifically refer to the second approach, the instructions we have just referred to clearly recognized the continuing nature of the defendant's negligence, and were, we think, correct.

The judgment is therefore AFFIRMED.